# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LATASHA MARBERRY, as Next
Friends of S.M. Doe a minor.

       Plaintiffs,

                           Case No.:
                           Hon.:
                           Magistrate:

**vs**

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT,
WILLIAM JACKSON, individually and in
his personal capacity. Defendant J.M. Doe, a minor.

       Defendants.

_____/

| **MEROUEH & HALLMAN, LLP** | **SCHENK & BREUTSCH PLC** |
|---|---|
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| By: Odey K. Meroueh, P76460 | By: James P. Allen Sr., P52885 |
| 14339 Ford Rd, 2nd Flr. | 211 W. Fort St., Ste. 1410 |
| Dearborn, MI 48126 | Detroit, MI 48226 |
| 313-582-7469 | 313-774-1003 |
| okm@mhatlaw.com | james.allen@sbdetroit.com |

_____/

## COMPLAINT AND JURY DEMAND

       Plaintiff Latasha Marberry, as Mother and Next Friend of Plaintiff S.M. Doe

(Plaintiff S.M. or S.M. Doe), by and through her attorneys, Meroueh & Hallman,

LLP as well as Schenk and Breutsch, PLC, hereby bring this civil action against

Defendant Detroit Public Schools Community District ("the District" or "DPSCD"),

**INTRODUCTION**

1. This is an action for money damages brought pursuant to the statutes and common law of the State of Michigan.

2. This cause of action arises out of events that occurred in the City of Detroit, County of Wayne, State of Michigan.

3. Venue is proper in this District under federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. Specifically, Plaintiffs allege Municipal/Supervisory liability pursuant to 42 U.S.C. § 1983 – Defendant DPSCD, and thus this is a claim over which this Court exercises original jurisdiction.

5. The amount in controversy is within the jurisdiction of this court because Plaintiff claims damages in excess of $75,000.00.

**PARTIES, JURISDICTION AND VENUE**

6. Plaintiff S.M. Doe is a minor, and at all times relevant to this cause of action was a resident of the City of Detroit, County of Wayne, State of Michigan.

Plaintiff S.M. Doe brings this cause of action by her Next Friend, Latasha Marberry, Mother of S.M. Doe.

7. Defendant Detroit Public Schools Community District ("DPSCD") is and was, at all times relevant to this cause of action, a school district and a Michigan municipal corporation with its principal place of business located in the County of Wayne, State of Michigan.

8. Defendant J.M. is a minor, and at all relevant times was a student at Bethune Elementary and Middle School, which is a public school within the Detroit Public Schools Community District..

9. Defendant William Jackson was at all times relevant to this cause of action an employee and/or administrator of a public school district, acting as a public school district employee and/or administrator, and acting within the scope of his employment and under the color of state law.

10. Defendant William Jackson was at all times relevant to this cause of action was the Principal of Bethune Elementary and Middle School.

**COMMON ALLEGATIONS**

11. Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

12. Plaintiff at all relevant times to this complaint and the allegations found herein was enrolled in Mary Mcleod Bethune Elementary-Middle School, located within the City of Detroit ("Bethune").

13. Plaintiff was at all times relevant to the claims she is bringing in her complaint subject to an Independent Evaluation Plan ("IEP") through the district, due to a learning disability and speech impediment.

14. Upon information and belief, Defendant J.M., a minor, also attended Bethune School and had a history of assaulting other students, in particular females smaller and younger than himself, like Plaintiff S.M.

15. On the day which Defendant J.M. assaulted Plaintiff S.M., November 19, 2024, an act which was completely preventable, Defendant William Jackson was Principal of Bethune and upon information and belief is acting in that capacity as of the writing of this Complaint.

16. Defendant William Jackson, upon information and belief, was well aware of Defendant J.M.'s violent tendencies, and not only did not address Defendant's J.M.'s behavior appropriately by removing him from the school, but also did not take appropriate safety measures even within his school by having the required number of adults per students in the cafeteria on the day that Defendant J.M. assaulted Plaintiff S.M.

4

17. On the day that Plaintiff S.M. was assaulted, there were no security officers or even adults in the cafeteria, which was required given the number of students whom had congregated.

18. Defendant Jackson failed to provide a safe environment for Plaintiff S.M. and other students and in so doing acted outside his official capacity and subjected himself to personal liability.

19. Defendants' actions/inactions resulted in Plaintiff S.M. requiring immediate and emergency surgery to fix the three broken bones in her facial region, not to mention her concussion and the internal injuries involved.

20. Notwithstanding the physical injuries she suffered, Plaintiff S.M.'s assault was captured on camera, for all the world and most importantly for all of her peers to see. Plaintiff S.M. was already involved in therapy, and to say that she has been traumatized by this situation to a degree that she may never recover mentally is not even a slight exaggeration. Her psychiatrist has increased her medication to deal the depressive thoughts that have been flooding in.

21. Defendant J.M. demonstrated no remorse for beating Plaintiff S.M. into a concussive state and indicated to Dean Upshaw that he was willing to do it again.  He had, after all, done it several times previously.

## COUNT I – MUNICIPAL/SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983 – DEFENDANTS DPSCD and JACKSON

22. Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

23. Pursuant to 42 U.S.C § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendants DPSCD and Jackson owed S.M. Doe certain duties to properly hire, supervise, monitor, and train its employees, as well as supervise its students, so as not violate the constitutional rights of students, and S.M. Doe in particular and as alleged throughout this Complaint, and to take proper measures to report, prevent, or otherwise protect students such as S.M. Doe in the event that such violations may occur.

24. Defendants DPSCD is liable pursuant to 42 U.S.C § 1983, in that its policies, procedures, regulations, and customs, or that its failure to enact policies, procedures, regulations, and customs, such that such policies,

6

procedures, regulations, and customs, caused and was the driving force behind the violation of S.M. Doe's constitutional rights as alleged throughout this Complaint.

25. Defendant Williams was at all times relevant to this cause of action an employee and/or administrator of a public charter school, was acting as a public charter school employee and/or administrator, and was acting within the scope of his employment and under the color of state law.

26. Defendant DPSCD, through its administrators and supervisory personnel, held a supervisory role and had decision-making authority to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

27. Defendant DPSCD, through its administrators and supervisory personnel, at all times relevant to this cause of action had knowledge of Defendant J.M.'s propensities to engage in the physical and/or emotional abuse of children, of his propensity to engage in the acts of physical and emotional abuse as described throughout this Complaint, and of his propensity to

7

endanger the safety and lives of others.

28. Defendant DPSCD, through its administrators and supervisory personnel, with such knowledge of Defendant J.M.'s propensities to engage in the physical and/or emotional abuse of children and to endanger the safety and lives of others condoned, encouraged, or otherwise knowingly acquiesced such conduct, which resulted in, or was the driving force behind, the constitutional violations as alleged herein.

29. Defendant DPSCD, through its administrators and supervisory personnel, with such knowledge of Defendant J.M.'s propensities to engage in the physical and/or emotional abuse of children and to endanger the safety and lives of others condoned, encouraged, or otherwise knowingly acquiesced such conduct and thus acted with deliberate indifference to the violation of Plaintiff S.M. Doe's constitutional rights as set forth throughout this Complaint.

30. Defendant DPSCD, through its administrators and supervisory personnel, was deliberately indifferent to S.M. Doe's constitutional and other rights by failing to promulgate a policy and failing to properly train personnel and employees to prevent the unconstitutional, unlawful, and tortious mistreatment of the students, including S.M. Doe, as alleged throughout this

Complaint.

31. Defendant DPSCD, through its administrators and supervisory personnel, was deliberately indifferent to S.M. Doe's constitutional and other rights by failing to supervise or otherwise take action to prevent the constitutional violations as alleged throughout this Complaint when Defendant DPSCD, through its administrators and supervisory personnel, had knowledge of Defendant J.M.'s propensities to engage in the physical and/or emotional abuse of children and to endanger the safety and lives of others.

32. Defendant DPSCD, through its administrators and supervisory personnel, through its policies, procedures, regulations, or customs, or lack thereof, breached its duties, which amounted to reckless and/or deliberate indifference toward the general public, and toward S.M. Doe specifically, in the following ways, including, but not limited to:

   a. Failing to properly train its employees regarding the proper use of reasonable and necessa1y force under the circumstances presented;

   b. Failure to properly train its employees regarding the proper and permissible ways to discipline individuals such as Defendant J.M. under the circumstances presented;

   c. Failing to enact or provide training on proper policies regarding the recognition of the risks that abuse will occur;

   d. Failing to enact or provide training on proper policies regarding the removal of children from the classroom;

   e. Hiring and/or the retention of employees or students whose character and personality pose a potential danger to the public in

general and S.M. Doe in particular;

f.  Failure to adequately monitor the conduct and behavior of its employees or students in general, but specifically Defendant J.M., relative to the propensity to engage in the physical and/or emotional abuse of children or endangering the safety and lives of others such that, despite written policies against such conduct, failure to sufficiently take action to prevent the occurrence of abuse of S.M. Doe has led to the formation of a custom that such abuse will be encouraged and tolerated;

g.  Failure to have proper policies, procedures, and training to deal with the danger of abusing or placing in harm's way individuals, including S.M. DOE;

h.  Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control employees or students, including Defendant J.M., who are known or should have been known to engage in abuse or to endanger the safety and lives of others;

i.  Failure to supervise and/or train employees to prevent violation of students' Constitutional rights;

j.  Sanctioning the use of abuse by failing to adequately discipline or terminate employees and/or students who are known to have violated the Constitutional right of students on prior occasions, including but not limited to Defendant J.M.;

k.  Having a custom, policy, or practice of tolerating the violation of constitutional rights by employees or students;

l.  Ratifying the violation of constitutional rights by employees or students;

m. Employing and retaining improperly trained employees and administrators;

n.  Other acts and omissions which may be learned through the course of discovery.

10

33. The failures and/or actions set forth above to take action to prevent the abuse by Defendant J.M. of S.M. Doe were a common pattern and practice among employees and personnel of deliberate indifference such that it constituted a policy or custom and such were followed and enforced by supervisors and administrators of Defendant DPSCD.

34. The above-enumerated actions, failures, and/or inactions constituted deliberate indifference to the danger to Plaintiff S.M. Doe's health, safety, and violation of his constitutional rights by Defendants, including, but not limited to, those alleged in this Complaint.

35. As a direct and proximate result of the above-enumerated actions, failures, and/or inactions, S.M. Doe has suffered and will continue to suffer severe physical, psychological, and emotional injuries, as well as serious impairment to his academic and social development.

36. Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate S.M. Doe and/or to punish or deter Defendants, this Court must order additional damages to be allowed so as

to satisfy any and all such inadequacies.

37. The actions and/or deliberate indifference of Defendants as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon S.M. Doe. As a result of such intentional conduct, S.M. Doe is entitled to punitive damages in an amount sufficient to punish Defendants and to deter others from like conduct.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in his favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT II – ASSAULT – DEFENDANT J.M.

38. Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

39. Defendant J.M.'s conduct as set forth above, constituted an unlawful offer of corporal injury to S.M. Doe by the use of force.

40. The surrounding circumstances of Defendant J.M.'s conduct created a well-

founded apprehension in S.M. Doe of imminent contact and injury.

41. As the direct and proximate result of Defendant J.M.'s actions, as set forth above, S.M. Doe has suffered and will continue to suffer severe physical, psychological, and emotional injuries, as well as serious impairment to his academic and social development.

42. Defendant DPSCD is directly liable for the conduct of Defendant J.M. as set forth herein, as Defendant DPSCD had actual and/or constructive knowledge of Defendant J.M.'s propensities to engage in such conduct such that Defendant J.M.'s conduct as complained of herein was reasonably foreseeable, and for all damages suffered by S.M. Doe as a result of such conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

Dated: December 29, 2024

Respectfully Submitted,
MEROUEH & HALLMAN, LLP

13

Attorney for Plaintiffs


/s/ Odey K. Meroueh
Odey K. Meroueh P76460
14339 Ford Rd, 2nd Flr.
Dearborn, MI 48126
313-582-7469
okm@mhatlaw.com

14

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LATASHA MARBERRY, as Next
Friends of S.M. Doe.

     Plaintiffs,

                           Case No.:
                           Hon.:
                           Magistrate:

**vs**

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT,
William Jackson, in his personal capacity.

     Defendants.

_____/

| **MEROUEH & HALLMAN, LLP** | **SCHENK & BREUTSCH PLC** |
|---|---|
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| By: Odey K. Meroueh, P76460 | By: James P. Allen Sr., P52885 |
| 14339 Ford Rd, 2nd Flr. | 211 W. Fort St., Ste. 1410 |
| Dearborn, MI 48126 | Detroit, MI 48226 |
| 313-582-7469 | 313-774-1003 |
| okm@mhatlaw.com | james.allen@sbdetroit.com |

_____/

### JURY DEMAND

NOW COMES Plaintiff S.M. Doe, by her Next Friend, Mother of S.M. Doe, by and

through her attorneys, MEROUEH & HALLMAN, LLP and SCHENK & BREUTSCH, PLC, and

hereby demands a trial by jury in the above-entitled cause of action.

15

Respectfully Submitted,
MEROUEH & HALLMAN, LLP
Attorney for Plaintiffs


/s/ Odey K. Meroueh
Odey K. Meroueh P76460
14339 Ford Rd, 2nd Flr.
Dearborn, MI 48126
313-582-7469
okm@mhatlaw.com

16