UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATASHA MARBERRY ex rel. S.M.,

      Plaintiffs,

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, et al.,

      Defendants.
_____/

Case No. 2:25-cv-10157

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
MOTION TO DISMISS [16], DECLINING SUPPLEMENTAL
JURISDICTION, AND DENYING AS MOOT MOTION FOR DISCOVERY [15]**

Latasha Marberry sued Defendants on behalf of her child S.M. under 42 U.S.C. § 1983 for alleged violations of S.M.'s constitutional rights and state law. Because Marberry failed to state a claim against Defendants Detroit Public Schools Community District and William Jackson, the Court will grant their motion to dismiss. The Court will then decline to exercise supplemental jurisdiction over Marberry's state-law assault claim against Defendant J.M. And finally, the Court will deny Plaintiffs' motion for limited early discovery as moot.

### BACKGROUND

Minor S.M. was a student at the Bethune Elementary and Middle School within the Defendant Detroit Public Schools Community District. ECF No. 1, PageID.3. Defendant William Jackson was Bethune's principal. *Id.* And Defendant J.M. was a student at Bethune and had a history of assaulting female students who

1

were smaller than him. *Id.* at PageID.3–4. Minor J.M. assaulted S.M. while they were both in the cafeteria at Bethune. *Id.* at PageID.4–5. At the time, there were no adults in the cafeteria. *Id.*

Plaintiffs sued Principal Jackson and the District under § 1983 and alleged violations of S.M.'s Fourth[1] and Fourteenth Amendment rights. *Id.* at PageID.6. Plaintiffs also sued J.M. and alleged assault under Michigan law. *Id.* at PageID.12. Principal Jackson and the District moved to dismiss the case against them.[2] ECF No. 16.

## LEGAL STANDARD

A district court will grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court will not presume the truth of legal conclusions in the complaint.

---

[1] Defendants correctly noted that Plaintiff provided no allegations supporting any Fourth Amendment claim. ECF No. 16, PageID.144; *see generally* ECF No. 1. Plaintiffs did not address the Fourth Amendment in their response. *See generally* ECF No. 18. The Court will not linger on any discussion of the Fourth Amendment.
[2] Based on the parties' briefing, the issues are clear. Accordingly, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2); Practice Guidelines for Judge Stephen J. Murphy, III.

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

In a Rule 12(b)(6) motion, courts can only "consider the [c]omplaint and any exhibits attached thereto . . . [and] items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citation omitted); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.).

## DISCUSSION

Principal Jackson and the District raised two arguments for dismissal. First, they argued that Principal Jackson would be entitled to qualified immunity under both prongs of the applicable legal test. ECF No. 16, PageID.150–151. Second, they argued that the District is not liable under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). ECF No. 16, PageID.152.

I. <u>Qualified Immunity</u>

Principal William Jackson raised the defense of qualified immunity. *Id.* at PageID.150. After a defending official raises qualified immunity, the plaintiff bears the burden of showing that the official is not entitled to qualified immunity. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). Qualified immunity applies when "conduct 'does not violate clearly established statutory or constitutional rights of

3

which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan,* 555 U.S. 223, 231 (2009)). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id*. (quotation marks and quotation omitted). Courts "do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd,* 563 U.S. 731, 741 (2011).

In sum, to determine government actors' entitlement to qualified immunity, the Court must determine whether (1) a violation of a constitutional right occurred and (2) that right was clearly established at the time of the violation. *Baynes v. Cleland*, 799 F.3d 600, 609–10 (6th Cir. 2015). The Court may address the prongs in either order. *Pearson*, 555 U.S. at 236. And if the answer to either question is "no," the officials are entitled to qualified immunity.

Plaintiffs attempted to plead a state-created-danger theory of liability under § 1983. The state-created-danger theory is "one sounding in a rare species of one of the narrowest doctrines of constitutional law." *Doe v. Jackson Loc. Sch. Dist. Bd. of Educ.*, 954 F.3d 925, 937 (6th Cir. 2020). That theory requires that (1) a state official took an affirmative act that created or increased the risk that a victim would be harmed by a private actor, (2) the risk must have posed a special danger to the specific victim, and (3) the official's conduct must have been so egregious and outrageous that it fairly shocks the contemporary conscience. *Franz v. Oxford Cmty. Sch. Dist.*, 132 F.4th 447, 451 (6th Cir. 2025).

4

Plaintiffs alleged that Jackson "failed to provide a safe environment for Plaintiff S.M. and other students" by leaving them in the cafeteria with insufficient adult supervision and by not removing J.M. from the school. ECF No. 1, PageID.4–5. Plaintiffs face an uphill climb because "failures to act usually are not affirmative acts" for a state-created-danger theory. *Franz*, 132 F.4th at 452.

Failing to punish or insufficiently punishing an assailant for past wrongs "is generally not an affirmative act, and, even where it is, it typically does not create or increase the plaintiff's risk of harm." *Stiles ex rel. D.S. v. Grainger County*, 819 F.3d 834, 854–55 (6th Cir. 2016); *see, e.g.*, *Morrow v. Balaski,* 719 F.3d 160, 178 (3d Cir. 2013) (en banc) (failing to expel a bully was not an affirmative act); *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 456 (6th Cir. 2008) (failing to protect a plaintiff from peer-on-peer harassment in the absence of a history of harassment against *that* student is not an affirmative act).

And ignoring a dangerous situation is also usually not an affirmative act and cannot usually increase a preexisting danger. *Stiles ex rel. D.S.*, 819 F.3d at 855; *see, e.g.*, *Jones v. Reynolds*, 438 F.3d 685, 691 (6th Cir. 2006) (failing to stop a drag race was not an affirmative act); *Sargi v. Kent City Bd. of Educ.*, 70 F.3d 907, 912–13 (6th Cir. 1995) (failing to communicate plaintiff's health condition was not an affirmative act). Even returning someone to the same dangers that already existed is not enough. *Bukowski v. City of Akron*, 326 F.3d 702, 709 (6th Cir. 2003) (returning a mentally disabled individual to the home of a man who would rape her did not create or increase risk of harm); *Franz v. Oxford Cmty. Sch. Dist.*, 132 F.4th 447, 451–52 (6th

5

Cir. 2025) (returning a backpack containing a firearm to a student and not sharing info of that student's concerning behaviors did not create or increase a risk of harm).

Plaintiff cited only *McQueen v. Beecher Community Schools*, 433 F.3d 460 (6th Cir. 2006), to show that they successfully pleaded an affirmative act when others have not. ECF No. 18, PageID.193. But there, the Sixth Circuit held that the affirmative-act prong was not satisfied when a teacher left students unsupervised in a classroom with a student who had been involved in "several incidents where he attacked other students, sometimes beating them up and other times stabbing them with a pencil." *McQueen*, 433 F.3d at 463, 465–66. That student ultimately shot another. *Id.* at 463.

That case resolves this one. Here, the pleadings suggest only that Principal Jackson left a child without supervision in the presence of another who had a history of violent conduct. The litany of cases cited above shows that such a fact pattern, absent more, is insufficient to state a § 1983 claim. *See id.* at 465 (collecting cases). Thus, Plaintiffs failed to plead an affirmative act that created or increased the risk that the victim would be harmed by a private actor, and their state-created danger theory against Principal Jackson fails.[3]

It is unsurprising then that Plaintiffs also failed to carry their burden to show that the right at issue (or the violative nature of Principal Jackson's conduct) was clearly established. A reasonable officer could rely on *McQueen*, which the Sixth

---

[3] Plaintiffs also failed to plead conduct that may fairly be said to shock the contemporary conscience. That prong requires more than a mere allegation that the defendant "made bad decisions or could have done more to prevent the tragedy." *Franz*, 132 F.4th at 449. Although leaving children unsupervised in a cafeteria may be ill-advised, it is not conscience shocking.

Circuit has cited favorably after the events in question here occurred, *see Franz*, 132 F.4th at 451, and the other cases cited above to believe that their conduct was not unlawful. *Mullenix*, 577 U.S. at 11. The Court will grant the motion to dismiss regarding Defendant William Jackson.

II.  Municipal Liability

The District argued that the allegations do not support municipal liability. ECF No. 16, PageID.152. That is correct. Although § 1983 allows suits against municipalities, "a municipality . . . cannot be liable under § 1983 absent an underlying constitutional violation by its officers." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir. 2004). Plaintiffs' allegations focused only on Principal Jackson's acts or omissions, and those do not show a constitutional violation, as discussed above. Therefore, Plaintiffs' allegations are insufficient to state a § 1983 claim against the District, and the Court will grant the motion to dismiss.[4]

---

[4] In their response brief, Plaintiffs requested "leave to file an amended complaint within the time allowed by Federal Rule of Civil Procedure 15." ECF No. 18, PageID.196. First, the Local Rules do not allow parties to combine different types of filings—*e.g.*, a standalone motion and a response brief. E.D. Mich. L.R. 7.1(i). Second, the time to file an amended complaint as a matter of right has elapsed. *See* Fed. R. Civ. P. 15(a)(1). Third, Plaintiffs made no showing regarding the factors that guide the Court in its discretion whether to grant leave to amend. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (quotation omitted) (listing the following factors for the Court's consideration: (1) "undue delay in filing"; (2) "lack of notice to the opposing party"; (3) "bad faith by the moving party"; (4) "repeated failure to cure deficiencies by previous amendments"; (5) "undue prejudice to the opposing party"; and (6) "futility of [the] amendment.".) (quotation omitted).

7

III.    Supplemental Jurisdiction

Plaintiffs also alleged that Defendant J.M. assaulted S.M. in violation of Michigan tort law. ECF No. 1, PageID.12. The only basis for federal subject matter jurisdiction over that claim apparent in the complaint is supplemental jurisdiction. *See generally* ECF No. 1 (providing no allegation from which the Court may infer that the parties have diversity of citizenship). Because the Court has dismissed all federal claims in the case, however, the Court will decline to exercise supplemental jurisdiction over the claim against J.M. *See* 28 U.S.C. § 1367(c)(3).

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Motion to Dismiss [16] is **GRANTED.** Plaintiffs' claims against William Jackson and Detroit Public Schools Community District are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court **DECLINES** supplemental jurisdiction under 28 U.S.C. § 1367(c) over Plaintiffs' claim against Defendant J.M. Plaintiffs' claim against J.M. is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Limited Early Discovery [15] is **DENIED AS MOOT.**

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 31, 2025